# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **JEREMY HAWKINS,** ) | |
| ) | |
| PLAINTIFF, ) | **CIVIL ACTION NO.:** |
| ) | |
| V. ) | |
| ) | **JURY DEMAND** |
| **BROADBAND TECHNICAL** ) | |
| **RESOURCES,** ) | |
| ) | |
| DEFENDANT. | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for declaratory judgment, equitable relief and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a and through 42 U.S.C. Section 1981.

### II. JURISDICTION, VENUE, AND ADMINISTRATIVE PREREQUISITES

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1343, 2201 and 2202. Venue is proper in the Northern District of Alabama under 28 U.S.C. §1391(b), and the Southern Division pursuant to Title VII's

choice-of venue provision, 42 U.S.C. § 2000e-5(f).

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, and 42 U.S.C. Section 2000e *et seq*. Plaintiff timely filed his charge of discrimination within 180 days of the occurrence of the last discriminatory act. Plaintiff also timely filed his lawsuit within 90 days of the receipt of his Right-To-Sue Letter from the EEOC, which was issued on February 26, 2020.

### III. PARTIES

4. Plaintiff, Jeremy Hawkins, is an African-American man, a citizen of the United States, and a resident of the State of Alabama.

5. Defendant, Broadband Technical Resources is an entity subject to suit under Title VII and 42 U.S.C. § 1981.

### IV. FACTS

6. Plaintiff is an African American man who began working for Defendant around August 14, 2017 at Defendant's Pelham, Alabama location.

7. Defendant builds fiber optic broadband networks.

8. Plaintiff started working in the shop and eventually moved to a groundman job in the field.

9. Joel Bixby is Defendant's Regional Manager and was the highest management official onsite at Plaintiff's location.

10. Bixby has made racially derogatory comments and slurs about African Americans, and his racial bias negatively impacted the employment of Plaintiff and the other two African Americans who worked at that location.

11. Plaintiff and those other two African Americans have been terminated for non legitimate reasons and replaced with white employees.

12. Plaintif's white co-workers made racial comments and used racial slurs at work.

13. In its position statement to the EEOC, Defendant claims that it terminated Plaintiff on June 24, 2019 for abandoning his job by not being available to work the prior weekend when he was on call.

14. However, Plaintiff was not on call that weekend, and he did not abandon his job.

15. White employees, including Charlie Nowling, missed several callouts for work and they were not fired.

16. Defendant replaced Plaintiff with a white man.

17. As mentioned above, Plaintiff was one of three African American employees working for Defendant at the Pelham location, and each of those employees

have been terminated for non-legitimate reasons and replaced with white employees.

18. Defendant's articulated reason for terminating Plaintiff, that he allegedly abandoned his job, is false and/or a pretext for discrimination. In the alternative, even if Defendant had other legitimate or illegitimate reasons for terminating Plaintiff, race discrimination remained at least a motivating factor in the termination decision.

## V. CAUSE OF ACTION

### COUNT I — RACIAL DISCRIMINATION – WRONGFUL TERMINATION

19. Plaintiff re-alleges and incorporates by reference the above factual paragraphs with the same force and effect as if fully set out in specific detail herein below.

20. Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. as amended, and 42 U.S.C. Section 1981a, and 42 U.S.C. Section 1981.

21. During the course of Plaintiff's employment, Defendant discriminated against Plaintiff by terminating him which constitutes an adverse employment action against Plaintiff.

22. Plaintiff may prevail under either a "pretext" theory or under a mixed-motive theory under Title VII, as even if Defendant had legitimate reasons for

terminating him, race was at least a motivating factor in the adverse employment actions Defendant took against him, up to and including termination.

23. Pursuant to Plaintiff's 1981 claim, but for Plaintiff's race Defendant would not have terminated him.

24. Said racial discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

25. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, compensatory, and punitive damages is his only means of securing adequate relief.

26. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## VI. DAMAGES

27. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish, and lost wages as a consequence of Defendant's unlawful conduct.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court assume jurisdiction of this action

and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant violate the rights of Plaintiff secured by Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et seq.*, 42 U.S.C. Section 1981a, and 42 U.S.C. Section 1981.

2. Grant Plaintiff reinstatement into the position he would have had at the appropriate pay absent the discriminatory termination, a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant, and at the defendant's request, from continuing to violate Plaintiff's rights as well as those who are similarly situated pursuant to any of the above-named statutes.

3. Pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 1981a and 42 U.S.C. Section 1981, enter an Order requiring Defendant to make Plaintiff whole by reinstating him into the position he would have occupied in the absence of race discrimination at the appropriate pay or awarding him front pay, awarding him back-pay (plus interest), nominal damages, lost seniority, benefits, loss of pension, compensatory damages, punitive damages and post judgment interest.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees, and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

Respectfully submitted,

/s/ Jon C. Goldfarb
Jon C. Goldfarb asb-5401-f58j
L. William Smith asb 8660-a61s
Christina M. Malmat asb-1214-y44q
Lieselotte Carmen-Burks asb-8304-t46e
Counsel for Plaintiff

**OF COUNSEL:**
Wiggins, Childs, Pantazis, Fisher,
& Goldfarb, LLC
301 19th Street North
Birmingham, AL 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESS:**
Broadband Technical Resources
c/o C T CORPORATION SYSTEM
2 NORTH JACKSON ST., SUITE 605
MONTGOMERY, AL 36104